MITCHELL v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

1. **Railroad:** KILLING STOCK: AMENDMENT OF STATEMENT. Under Revised Statutes, section 3060, a statement in a suit brought against a railroad company before a justice of the peace for double damages for killing stock, can, on appeal to the circuit court, be so amended as to allege that the killing occurred in a township adjoining the one in which the suit was brought.

2. ———: ———: EVIDENCE. The evidence must show that the animal was killed in either the township in which the suit is brought or in an adjoining one.

*Appeal from Moberly Court of Common Pleas.*—HON. G. H. BURCKHARTT, Judge

REVERSED.

*Smith & Krauthoff* with *Thos. J. Portis* for appellant.

The court below erred in permitting plaintiff to amend his complaint. *Hansberger v. Railroad Co.,* 43 Mo. 196; *Haggard v. Railroad Co.,* 63 Mo. 302; *Webb v. Tweedle,* 30 Mo. 488; *Dillard v. Railroad Co.,* 58 Mo. 69; *Madkins v. Trice,* 65 Mo. 656; *Huff v. Shepard,* 58 Mo. 242. Nor can the amendment be justified on the theory that it was authorized by Revised Statutes, section 3060. This section does not change the law as it stood when the decisions cited, *supra,* were made. *Transier v. Railroad Co.,* 54 Mo. 189; *Gilmore v. Dawson,* 64 Mo. 310. The plaintiff's evidence did not show that the animals were killed at a place where it was defendant's duty to fence, and the demurrer to the evidence should, therefore, have been sustained. *Mumpower v. Railroad Co.,* 59 Mo. 245; *Cary v. Railroad Co.,* 60 Mo. 209; *Holman v. Railroad Co.,* 62 Mo. 408; *Crews v. Lackland,* 67 Mo. 619.

*Hollis & Wiley* for respondent.

PHILIPS, C.—This is an action for damages for killing stock contrary to the provisions of the old 43rd section of the general railroad corporation law of the State. The suit was brought in a justice's court of Sugar Creek township, in Randolph county.

The statement alleged that the horses were killed in Union township, of said county. The plaintiff recovered judgment in the justice's court, from which the defendant appealed to the Moberly court of common pleas. Upon appeal to the court of common pleas, the defendant moved to dismiss the cause for the reason that said court had no

jurisdiction.    Pending this motion the plaintiff filed an amended petition alleging " that defendant was at the time hereinafter mentioned, and still is a railroad corporation, duly chartered and organized under the laws of the State of Missouri, and as such, owned, managed and controlled a certain line of railway extending in and through Union township, in Randolph county, Missouri.    That Sugar Creek township, in Randolph county, Missouri, wherein this suit was instituted, is an adjoining township to said Union township."    The remainder of the petition was a copy of the original complaint.    The court thereupon overruled the motion to dismiss, and the defendant excepted and filed a motion to strike out the amended petition, which being, also, overruled, the defendant again excepted.

The case was tried by the court without the intervention of a jury.    At the conclusion of plaintiff's evidence the defendant offered an instruction in the nature of a demurrer thereto, which the court refused.    The court found for the plaintiff, and on motion of plaintiff entered judgm int for double the assessed value of the property killed. Defendant has brought the case here by appeal.

I.    It is assigned for error that the court of common pleas had no authority for permitting the amendment to th s statement showing that Sugar Creek township adjoined Union township.    It has been held by this court that under the statute authorizing such actions to be brought in justices' courts, the statement must show that the injury complained of occurred in the township where the justice before whom suit is instituted resides.    This is a jurisdictional fact that should affirmatively appear from the statement. *Hansberger v. P. R. R. Co.*, 43 Mo. 196, 200 ; *Haggard v. A. & P. R. R. Co.*, 63 Mo. 302.    Since these decisions the statute has been so amended as to permit the action to be brought before a justice of the peace in the township in which the injury occurred, or any adjoining township. R. S., § 2839. The statute in respect to appeals, and proceedings thereon from justices' courts has, also, since been amended by adding

the following section : "In all cases of appeal * * the statement of plaintiff's cause of action * * filed before the justice, may be amended upon appeal in the appellate court, to supply any deficiency or omission therein, when by such amendment substantial justice will be promoted; but no new item or cause of action not embraced or intended to be included in the original account or statement, shall be added by such amendment." R. S., § 3060.

This section was added by the legislature for a purpose. Its language is too plain to admit of much doubt that it meets a case like this, and authorized the amendment permitted by the appellate court below. The only defect in the statement filed with the justice was in not alleging that Sugar Creek township was an adjoining township to Union township. This was certainly a " deficiency or omission therein." If so, by the express terms of said section the statement may be amended in appellate court to supply such deficiency or omission, when substantial justice would thereby be promoted. The only limitation upon this right of amendment imposed by said section, is that no " cause of action not embraced or intended to be included in the original statement shall be added." The cause of action in this case remained precisely the same after the amendment as before. The averment added was merely of the additional fact that the justice before whom the action was brought was of the adjoining township. The amendment certainly tended to promote substantial justice. It took away no substantial right of the defendant, nor added any new burden to his proper defense. The proofs, as to the cause of action, the subject matter of litigation, were the same, both as to the injury and the liability. Had the amendment not been made in the lower court, and the cause had been reversed on account of the omission in the original statement, under the views now entertained by this court of the scope and object of said section 3060, we would remand the cause with leave to plaintiff to so amend his statement. Under the authority of *Rowland v. Railroad*

*Co.,* 73 Mo. 619, the amendment in question was, perhaps, permissible, without the new section of the statute.

II. But we fail to find in the bill of exceptions one word of proof to sustain the allegations of the statement, either as to the injury having occurred in said Union township or that Sugar creek township adjoins Union township. If these are facts material to be averred they must be established by proof at the trial, otherwise it does not appear that the justice before whom the cause was tried has any jurisdiction to hear the same. For this reason the demurrer to the evidence, offered by the defendant should have been sustained.

The judgment of the common pleas court must therefor be reversed and the cause remanded. All concur.