ELLIS v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Apellant.*

**Railroads**: KILLING STOCK: DOUBLE DAMAGES: JURISDICTION. Where the statement, in an action before a justice of the peace against a railroad for double damages for killing stock, alleges that the killing occurred in a township other than the one in which the action is brought and does not aver that the two townships adjoin, and the evidence, also, fails to show that they adjoin, a demurrer to the evidence should be sustained.

*Appeal from Vernon Circuit Court.*—HON. CHAS. G. BURTON, Judge.

REVERSED.

*Smith & Krauthoff* with *T. J. Portis*, for appellant.

Under the statute, this action could only be brought before a justice of the peace of the township in which the injuries sued for happened, or some adjoining township. Rev. Stat., § 2839. The petition alleges the killing to have occurred in Washington township, and the suit was brought before a justice of the peace of Center township, and there is no allegation that the latter adjoins the former, nor is this allegation supplied by any recital of record. The jurisdiction of the justice not being made to appear, the motion to dismiss ought to have been sustained. *Haggard v. Railroad Co.,* 63 Mo. 302; *Hansberger v. Pacific R. R.,* 43 Mo. 196; *Iba v. Railroad Co.,* 45 Mo. 469; *Barnett v. Railroad Co.,* 68 Mo. 56. And in the absence of evidence showing that these townships adjoined each other, the demurrer to the plaintiff's evidence ought to have been given. *Mitchell v. Mo. Pac. Ry. Co.,* 82 Mo. 106.

*Scott & Hoss* for respondent.

The two townships adjoin and by express wording

of the statute the justice had jurisdiction to try the case and the mere omission to state in the petition that the townships adjoined could not affect the jurisdiction of the court. And if any defect did exist it was cured by verdict. The statute gives justices of the peace jurisdiction in ordinary civil actions over the persons of defendants residing in their own or adjoining townships and it is not necessary to allege that the township in which defendant resides is the same or adjoins that in which suit is brought. *Fitterling v. R. R.*, 79 Mo. 504.

EWING, C.—The plaintiff commenced this action before H. P. Mobley, a justice of the peace of Center township in Vernon county, to recover double damages under section 809, Rev. Stat., for certain stock, all alleged to have been killed by the defendant in Washington township, in said county. There is no allegation that Washington township adjoins Center. The plaintiff recovered judgment before the justice, from which the defendant appealed to the circuit court, where it filed a motion to dismiss the cause, alleging that "the court before whom this suit was brought did not have, nor has this court, any jurisdiction either of the person of defendant or the subject matter of said suit." This motion was overruled. Defendant objected to the introduction of any evidence under the petition, which was overruled and the plaintiff thereupon introduced evidence tending to establish all the facts therein alleged. The defendant demurred to this evidence. The verdict was for the plaintiff and a judgment was rendered in his favor for double the amount found.

The only question is, as to the action of the court below in overruling defendant's demurrer to the evidence, which it is insisted is error, because of the want of jurisdiction, the statement being for stock killed in Washington township, and the trial in Center township. There was no allegation nor evidence offered tending to show that these two townships are adjoining. The

statute provides that: "Any action against a railroad company for killing or injuring horses, mules, cattle or other animals, shall be brought before a justice of the peace of the township in which *the injury happened, or any adjoining township.*" Sec. 2839, R. S. 1879. In the case at bar the suit is brought in Center township, Vernon county; the statement of the cause of action in each of the five counts avers that the killing and injury occurred in Washington township. There is no allegation that Center and Washington townships adjoin. There is no evidence in the bill of exceptions which shows or tends to show that these townships are adjoining. It is necessary in such cases to aver and prove that the injury occurred in one township, and that the one in which the suit is commenced *is an adjoining township thereto.* This was not done in this case and the defendant's demurrer ought to have been sustained. *Mitchell v. Mo. Pac. Ry.*, 82 Mo. 106.

The judgment below is, therefore, reversed and the case remanded.   All concur.