Backenstoe v. The Wabash, St. Louis & Pacific Ry. Co.

BACKENSTOE v. THE WABASH, ST. LOUIS & PACIFIC RAILWAY COMPANY, *Appellant.*

1. **Railroad:** KILLING STOCK : JURISDICTION : JUSTICE OF PEACE. In an action brought before a justice of the peace against a railroad for double damages for killing stock, the fact that the killing occurred in the township where the suit was brought, or in an adjoining township, is a jurisdictional one. It is not sufficient that such jurisdictional fact be averred in the statement; it must also be shown by the evidence.

2. ———— : ———— : ————. Proof simply that the killing occurred within the corporate limits of a town is not sufficient to warrant the jury in finding that it occurred in the township charged in the statement.

*Appeal from Kansas City Court of Appeals.*

AFFIRMED.

*G. S. Grover* and *W. H. Blodgett* for appellant.

While it was averred in the statement that the animal was killed in Egypt township, Carroll county, Missouri, such fact was not proved. In the absence of such proof, no venue was shown and no jurisdiction was acquired by the court. *State v. Metzger*, 26 Mo. 65; *Hansberger v. Railroad*, 43 Mo. 196; *Iba v. Railroad*, 45 Mo. 469; *Haggard v. Railroad*, 63 Mo. 302; *Barnett v. Railroad*, 68 Mo. 56.

*Hale & Sons* for respondent.

The statement avers that the killing was done in the township where the suit was brought, and this was sufficient to give the court jurisdiction. *Barnett v. Railroad*, 68 Mo. 50. The proof was that the killing was done in the town of Norborne, within the switch limits.

It will be assumed after verdict that it was done in the township.

HENRY, C. J.—This suit was commenced before a justice of the peace in Egypt township, Carroll county, to recover double damages for the killing of plaintiff's horse by a train of cars. Plaintiff had a judgment by default, from which defendant appealed to the circuit court, where plaintiff was again successful, and defendant appealed to the Kansas City court of appeals, which reversed the judgment and remanded the cause ; but, Judge Hall not concurring, the cause has, under the provisions of the constitutional amendment, by which that court was created, been certified to this court.

There was no evidence tending to prove that the horse was killed in Egypt township, unless the proof that it occurred within the corporate limits of the town of Norborne, in said county, warranted the jury in inferring and finding that it occurred in Egypt township. As was observed by Judge Philips, who delivered the opinion of the court of appeals : "These township lines are made and unmade at the discretion of the county courts. The courts would not take judicial cognizance that Norborne was in Egypt township. How, then, could a jury infer it? If the horse was not killed in Egypt township, the justice had no jurisdiction of the cause."

Section 2835, Revised Statutes, gives a justice of the peace jurisdiction "of all actions against any railroad company in this state, to recover damages for the killing or injuring horses, mules, cattle or other animals, within their respective townships." And section 2839 provides that such actions "shall be brought before a justice of the peace of the township in which the injury happened, or any adjoining township." Justices' courts are courts of limited and inferior jurisdiction, and in the face of these provisions it cannot, with any degree of plausibility, be contended that the fact that the animal was killed

in the township where the suit was brought is not a jurisdictional fact, or that the party suing can confer jurisdiction upon the justice of the peace by simply asserting in his statement that the animal was killed in the justice's township.    If this were sufficient, then a party complaining could sue before a justice of the peace in St. Louis county for the killing or injuring of stock by the St. Louis, Wabash & Pacific Railroad Company in Jackson county.    That there are cases to be found in our reports, countenancing the view contended for by respondent's counsel, is true ; but the recent decisions of this court are to the contrary.

In *Nall v. Railroad*, 59 Mo. 112, the following language occurs :   "The petition alleged that it took place in Gallatin township.   This gave the justice of the peace jurisdiction of the case, and the evidence showed at what point it happened.    The question was for the triers of the fact, and we will not interfere."    That opinion contains no statement of the evidence, but we have taken the pains to examine the transcript, and find that there was no evidence, whatever, showing in what township the killing occurred, and while on this point the opinion is somewhat obscure, we infer that the judgment was affirmed on the ground that the statement in the petition, that it occurred in Gallatin township, gave the justice jurisdiction.    If it is to be so construed, we are of the opinion that it has no support, either in the sections of the statute above quoted or the numerous adjudications in this and other states on analogous questions.    *State v. Metzger*, 26 Mo. 65 ; *People v. Miller*, 14 Johnson, 370. In the latter case it was said by the court that :    "It is essential that it should appear that the court had jurisdiction of the offence, and it had no jurisdiction, unless it was committed in the county of Otsego."    *Gibson v. Vaughan, Adm'r*, 61 Mo. 419 ; *Bersch v. Schneider*, 27 Mo. 101.    The recent decisions of this court on this precise question, fully sustain the views expressed by the

Kansas City court of appeals, in the opinion delivered by Philips, J. *Mitchell v. Mo. Pac. Ry. Co.*, 82 Mo. 106.

The judgment of the court of appeals is affirmed. All concur.