THOMAS A. MANUEL, Respondent, v. THE MISSOURI PA-
CIFIC RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, December 7, 1885.**

**1.** ACTION—SUIT TO RECOVER DAMAGES FOR INJURY TO STOCK—WHERE
IT MUST BE BROUGHT.—The statement itself, or the transcript of the
justice, must show affirmatively in such actions as this, for dam-
ages for killing stock, that the animal was killed in the township of
the justice, or the adjoining township.

**2.** ———— JUSTICES OF THE PEACE—JURISDICTION OF IN ACTIONS AGAINST
RAILROAD COMPANIES.—The jurisdiction of justices in actions such
as this is still local, "without regard to the value of such animal
or the amount claimed for killing or injuring the same." *Creason
v. Wabash, etc., Ry. Co.*, 17 Mo. App. 111.

**3.** ———— PLACE OF KILLING—PROOF OF.—The proof of the fact of kill-
ing must be made, and the proof of killing in a city, not proved to
be in the township, will not justify the inference of killing in the
township. Following *Backenstoe v. R. R.*, S. C. Mo., not yet re-
ported.

APPEAL from Moberly Court of Common Pleas, HON.
GEO. H. BURCKHARTT, Judge.

*Reversed and remanded.*

The facts and case are stated in the opinion.

WILLIAM A. MARTIN, for the appellant.

I. The instruction in the form of a demurrer to the
evidence should have been given. There was no evidence
to show that any available means used would have pre-
vented the accident. So that the failure to ring the
bell or sound the whistle, or slacken speed, could not
have caused the injury. *Holman v. R. R.*, 62 Mo. 562;
*Wallace v. R. R.*, 74 Mo. 594; 1 Redfield on Railways,
490, note 14.

II. There is no proof that the injury occurred in
the township, and, therefore, the court had no jurisdic-
tion; (section 2835, Rev. Stat. ; *Mitchell v. Mo. Pac.*

*Ry. Co.*, 82 Mo. 106) ; and for failure of this proof the demurrer to the evidence should have been sustained. The evidence shows the killing took place in the city of Moberly, but nowhere shows the city of Moberly is in Sugar Creek township. *Hansberger v. Pac. Ry. Co.*, 43 Mo. 196.

III. This is not a common law action, but must stand or fall on the ground that a violation of the city ordinance caused the accident. *Currier v. Lowe*, 32 Mo. 203.

IV. The court erred in granting the instruction asked by plaintiff. It authorizes the jury to find for plaintiff without finding that the city of Moberly was in Sugar Creek township. *Mitchell v. Mo. Pac. Ry. Co.*, 82 Mo. 206 ; Rev. Stat., sects. 2835, 2839 ; 43 Mo. *supra.* The instruction is not intelligible, owing to the amendments and scratches on it, and should have been refused for that reason. *Greer v. St. L., I. M. & S. R. R.*, 80 Mo. 555.

L. B. Rogers, for the respondent.

I. There was abundant evidence that the failure to ring the bell and the excessive speed used were the cause of the killing. *Kennick v. R. R.*, 81 Mo. 521, and cases cited.

II. The *census* of 1880, of which all courts take judicial notice, shows that Moberly is a city of six thousand and seventy inhabitants. And the justice was bound to take notice that such a city was within his township and jurisdiction. 1 Greenleaf on Evidence, sect. 6 ; *Saler v. Romuett*, 52 Tex. 562 ; *Mastin v. Mastin*, 51 Mo. 366 ; Laws of Mo., 1875, 401 ; Laws of Mo., 1877, 208 ; Laws of Mo., 1879, 75. Such matters need not be stated in a pleading ; (sect. 3548, Rev. Stat.), and, therefore, need not be proven.

III. The action being for a tort and for less than one hundred and fifty dollars, the justice would have jurisdiction under the first clause of section 2835, Revised Statutes, irrespective of the township in which

the injury occurred. *Dillard v. R. R.*, 58 Mo. 69. The requirements of section 2839, Revised Statutes, are not jurisdictional in their nature.

HALL, J.—This is an action begun before a justice of the peace, in Sugar Creek township, Randolph county, to recover the value of a cow killed by defendant.

The statement alleged that the cow was killed in the town of Moberly. Upon a trial *de novo*, in the Moberly court of common pleas, the evidence showed that she was killed in said town. The fact that the cow was killed in Sugar Creek township was neither alleged nor proved, unless the allegation and proof that she was killed in Moberly were sufficient allegation and proof of that fact.

The statement itself, or the transcript of the justice, must show affirmatively, in such actions as this, that the animal was killed in the township of the justice or the adjoining township. That this is the requirement of our statute has been so repeatedly decided by the supreme court of this state, that it is not necessary to cite authorities in support of the proposition. The respondent seeks to take this case out of that rule upon two grounds: First, because this is an action in tort, for less than one hundred and fifty dollars; second, because the jury and this court could and may infer, from the fact that the cow was killed in the town of Moberly, that she was killed in Sugar Creek township.

## I.

In support of his first ground, the respondent cites section 2835, Revised Statutes, and contends that by said section a justice has jurisdiction, irrespective of the township in which an animal may be killed, in such cases as this, where the amount sued for does not exceed one hundred and fifty dollars. This point has been decided by this court against respondent's views. *Creason v. R. R. Co.*, 17 Mo. App. 111.

## II.

From the fact that the cow was killed in Moberly, no inference could nor can be made that she was killed in Sugar Creek township. Neither the transcript showed, nor the statement alleged, nor the proof established that the cow was killed in said township. Following the case of *Backenstoe v. R. R. Co.*, recently decided by the supreme court upon this very question, we must reverse the judgment herein.

Judgment reversed and cause remanded. All concur.