H. H. ROBERTS, Respondent, v. THE MISSOURI PACIFIC
RAILWAY COMPANY, Appellant.

19  649
50  570

### Kansas City Court of Appeals, December 7, 1885.

ACTION—SUIT TO RECOVER DAMAGES FOR INJURY TO STOCK—WHERE IT MUST BE BROUGHT.—In the case of an action to recover damages for injury to stock by a railroad company, it is expressly declared by statute, that when such suits are instituted before a justice of the peace, it must be brought, either before some justice of the township within which the injury occurred, or before some justice of an adjoining township. Section 2839, Rev. Stat. And it was distinctly held in *Hansberger v. Pacific Railroad Company* (43 Mo. 196), that it is a jurisdictional fact which must affirmatively appear of record, that the injury did occur in the township in which the justice before whom the suit is brought. This ruling has been followed ever since by the courts in this State. *Mitchell v. Railroad* (this defendant), 82 Mo. 106; *Backenstoe v. Wabash Railroad,*— Mo. —.

APPEAL from the Moberly Court of Common Pleas, HON. G. H. BURCKHARTT, Judge.

*Reversed and remanded.*

The facts are sufficiently stated in the opinion of the court.

W. A. MARTIN, for the appellant.

I.   The demurrer to plaintiff's evidence should have been sustained. Suits of this kind must be brought in the township where the injury happened, or in an adjoining township. Rev. Stat., art. 2, ch. 44, sect. 2839, Justices' Courts.

II.   The place where the killing was done is matter for proof, and there was no evidence to show in what township the cow was killed. *Mitchell v. Missouri Pacific Railroad*, 82 Mo. 106, per Philips, Com'r. Justices of the peace are confined strictly to the authority given. *Hansberger v. Pacific Railroad*, 43 Mo. 196; *Haggard v. A. & P. Railroad*, 63 Mo. 302.

III. Plaintiff's instructions should not have been given. They authorize the jury to find for plaintiff without finding that the cow was killed in the township where suit was brought, or in an adjoining township. And one of them (No. 1) authorizes the jury to find for plaintiff if the cow was injured, and not killed. There was no such issue made in the pleadings, and no evidence on which to base it. *Gugsby v. Fullerton*, 57 Mo. 309 ; *Haskins v. St. L., K. C. & N. Ry. Co.*, 58 Mo. 302.

No brief appears on file for respondent.

PHILIPS, P. J.—This action was begun in a justice's court, and is to recover damages for the alleged injury to plaintiff's cow, inflicted by · the defendant's cars within the corporate limits of the city of Moberly, in Sugar Creek township, Randolph county.

The plaintiff recovered judgment in the common pleas court on an appeal from the justice's court. Defendant has brought the case here on appeal.

I. The demurrer interposed to the evidence by defendant, at the conclusion of plaintiff's case, should have been sustained. It is expressly declared by statute (section 2839, Revised Statutes), that when such suits are instituted before a justice of the peace, it must be brought, either before some justice of the township within which the injury occurred, or before some justice of an adjoining township. It was distinctly held in *Hansberger v. Pacific Railroad Company* (43 Mo. 196), that it is a jurisdictional fact which must affirmatively appear of record, that the injury did occur in the township in which the justice sits, before whom the suit is brought. This ruling has been followed ever since by the courts of this state. *Haggard v. Railroad Co.*, 63 Mo. 302 ; *Matson v. Railroad Co.*, 80 Mo. 229. In *Mitchell v. Railroad Company* (this same defendant, 82 Mo. 106), it was expressly held, under said section 2839, that the statement must aver the jurisdictional fact, and the bill of exceptions must show that proof thereof was made.

The bill of exceptions in this case wholly fails to show that the injury occurred in Sugar Creek township. The evidence showed merely that the injury occurred within the corporate limits of the city of Moberly ; but there was no proof that Moberly is within Sugar Creek township.

This precise question was passed on in the majority opinion of this court in the case of *Backenstoe v. Wabash Railroad Company*, decided at last term. The case having been certified to the supreme court, on a division of opinion, as by the constitution provided, the majority opinion of this court has recently been affirmed in said case by the supreme court.

It follows that the judgment of the common pleas court must be reversed, and the cause remanded. It is so ordered. All concur.