Clara Harris, Respondent, v. The St. Louis, Iron Mountain & Southern Railway Company, Appellant.

Kansas City Court of Appeals, November 22, 1886.

1.  Practice — Motion for New Trial Erroneously Entitled— Case Adjudged.—The motion for new trial, in this case, was, by mistake, endorsed with an erroneous title. *Held*, that said motion for new trial should be treated as having been filed by the proper title of this case in the circuit court.

2.  Jurisdiction—Township of Justice of Peace.—Where the town-ship must be proved in which the injury occurred, the jury are not at liberty to infer that the locality of the injury—not shown to be in such township—was a place in said township. *Backenstoe v. Railroad*, 86 Mo. 492.

Appeal from Schuyler Circuit Court, Hon. Andrew Ellison, Judge.

*Reversed and remanded.*

Statement of case by the court.

This was an action instituted before a justice of the peace of Liberty township, Schuyler county, for the re-covery of damages caused by the killing of a horse. From a judgment rendered in the justice's court in favor of the plaintiff, the defendant took an appeal to the circuit court.

In the circuit court the case was tried *de novo*. There was no evidence on the latter trial that the horse was killed in the township of the justice. The defendant

asked an instruction in the nature of a demurrer to the evidence, which was refused by the court. From a judgment again rendered in favor of the plaintiff the defendant has appealed to this court.

The transcript, originally filed in this court, recites in the bill of exceptions that a motion for new trial was filed in this case in the circuit court in proper time, and sets out therein what purports to be a copy of said motion. On the motion of the plaintiff, suggesting a diminution of the record and asking for a writ of *certiorari*, directing the clerk of the circuit court to make out and transmit to this court a full, true and complete transcript of the proceedings had in this case in said circuit court, said writ was issued. In obedience thereto, the said clerk transmitted to this court a transcript of the record reciting in the bill of exceptions that the defendant had filed a motion for new trial in proper time, but stating that there was no such motion on file among the papers in this case in his office, nor had there ever been.

On the application of the defendant another writ of *certiorari* was issued by the order of this court directing the clerk of the circuit court to transmit to this court a full and complete transcript of the proceedings had in this case, and to transmit with such transcript the original motion for new trial which had been set out by him in the bill of exceptions as contained in the transcript of the record originally filed in this court. All of which has been done by the said clerk as ordered.

It appears that the original motion for new trial was entitled on its face, "Clara Harris, Plaintiff, v. Wabash, St. Louis & Pacific Railway Company, Defendant"; and that the said motion was similarly entitled on its back.

The affidavit of Mr. Edward Higbee, who was one of the attorneys for defendant on the trial of this case in the circuit court has been filed in this court. Mr. Higbee states therein that he was such attorney on said trial; that the said motion for new trial, viz: the original

motion for new trial transmitted by the clerk of the circuit court, was the motion filed in this case, to which reference was made, as having been filed, in all three of the transcripts of the record filed in this court; that, by mistake, it was entitled as it was entitled, and that there has never been in the said circuit court a case entitled as was the motion for new trial.

The motion for new trial is endorsed upon its back by the clerk as having been filed on May 8, 1884, the day on which all three of the transcripts recite a motion for new trial was filed in this case.

No affidavit has been filed by the plaintiff contradicting the statements made by Mr. Higbee.

All three of the transcripts show that the motion for new trial was overruled.

Geo. S. Grover, for the appellant.

I.  It was not proved that the defendant owned and operated the railroad in question.

II.  There was no proof that the animal was killed in Liberty or any other township in Schuyler county, Missouri.  *Mitchell v. Railroad*, 82 Mo. 106 ; *Backenstoe v. Railroad*, 86 Mo. 492.

III.  Upon all the evidence, the court should have instructed the jury to find for the defendant.  *Fetterling v. Railroad*, 79 Mo. 604 ; *Heaston v. Railroad*, 18 Mo. App. 403.

Shelton & Dysart, for the respondent.

I.  Both the record proper and bill of exceptions fail to show any motion for new trial:  *Ex. Nat'l Bk. v. Allen*, 68 Mo. 474.  *State ex rel. Wakefield v. Richardson*, 77 Mo. 589 ; *Ballenger v. Carrier*, 79 Mo. 318 ; *McKee v. Calvert*, 80 Mo. 348 ; *Robinson v. Hood*, 67 Mo. 660.

II.  Appellant makes no assignment of errors, as arising on the face of the record.  See Rule 17 of this court.

III. The petition in this case states a cause of action under section 809, Revised Statutes. *Cunningham v. Railroad*, 70 Mo. 202; *Luckie v. Railroad*, 67 Mo. 243; *Sloan v. Railroad*, 74 Mo. 47; *Hudgins v. Railroad*, 79 Mo. 418; *Fields v. Railroad*, 80 Mo. 203; *Busby v. Railroad*, 81 Mo. 43; *Thomas v. Railroad*, 82 Mo. 538.

IV. The judgment was for the right party and should be affirmed.

## I.

HALL, J.—It is morally certain, under the facts stated, that the motion for new trial, transmitted by the clerk of the circuit court in obedience to our order made upon him, was by mistake endorsed with an erroneous title, and was filed by the defendant in the circuit court in this case. We are convinced that such are the facts. Such being the case, we are of the opinion, and so hold, that said motion for new trial should be treated as having been filed by the proper title of this case in the circuit court

## II.

It was necessary for the plaintiff to prove that the horse was killed in the township of the justice of the peace. From the facts proved in this case as to the place at which the horse was killed the jury were not at liberty to infer that the horse was killed in such township. · *Backenstoe v. Railroad Co.*, 86 Mo. 492. For this reason the judgment must be reversed. But, inasmuch as the failure to prove such fact was doubtless a mere oversight, and such proof can be supplied on a new trial, the cause will be remanded for that purpose.

It is so ordered. Ellison, J., concurs; Philips, P. J., absent.