Edmund Kinney, Respondent, v. The Hannibal &
St. Joseph Railroad Company, Appellant.

Kansas City Court of Appeals, November 7, 1887.

1.  Railroads — Killing of Stock — Statement — Case Adjudged.
    Where it is distinctly averred in the statement (as in this case),
    that the point in controversy is where defendant's road "passes
    through, along, and adjoining enclosed and cultivated fields," this
    averment sufficiently negatives the idea that the point was either
    at the crossing of a public highway, or within the limits of an
    incorporated town.

2.  ——— ——— Township Where Injury Occurred—Evidence of
    —Case Adjudged.—The evidence, in this case, shows the venue
    with sufficient certainty to have justified the verdict of the jury.
    And the case as to the venue was sufficiently proved to authorize
    the submission of the fact to the jury.

Appeal from Clinton Circuit Court, Hon. James
M. Sandusky, Judge.

*Affirmed.*

The case and facts are stated in the opinion of the
court.

Thos. E. Turney and Strong & Mosman, for the
appellant.

I.   The defendant's instruction should have been
given, because (1) the evidence does not show that the
animal was injured or killed in Shoal township, or in an
adjoining township. *Mitchell v. Railroad,* 82 Mo. 106 ;
*Vaughn v. Railroad,* 15 Mo. App. 597 ; *Backenstoe v.
Railroad,* 86 Mo. 492 ; *King v. Railroad,* 90 Mo. 520.
The point at which the injury occurs gives jurisdiction.
Rev. Stat., sect. 2839 ; cases cited, *supra,* and especially,
*Backenstoe v. Railroad,* 86 Mo. 492 ; *Ellis v. Railroad,*
83 Mo. 372. (2) The evidence does not show that the

injury was not in the crossing of a public highway. *Calvert v. Railroad*, 34 Mo. 242 ; *Messick v. Railroad*, 57 Mo. 134 ; *Casey v. Railroad*, 60 Mo. 209. The statute is penal and must be construed strictly against plaintiff. *Parrish v. Railroad*, 63 Mo. 286-7.

II.   The statement does not contain facts sufficient to constitute a cause of action, in this :   It is not alleged in the statement that the injury was not in the crossing of a public highway. *Dyer v. Railroad*, 34 Mo. 127 ; *Quick v. Railroad*, 31 Mo. 399 ; *Brown v. Railroad*, 33 Mo. 309 ; *West v. Railroad*, 34 Mo. 177 ; *Davis v. Railroad*, 65 Mo. 441.   These decisions were rendered under the fifth section of the damage act, in which less particularity of statement is required than in suits under section 809, Revised Statutes, for double damages. *Parrish v. Railroad*, 60 Mo. 284.

III.   The motions for new trial and in arrest should have been sustained.   Authorities, *supra*.

WILLIAM A. WOOD, with JOHN J. McANAW, for the respondent.

I.   Plaintiff's statement in the justice's court was sufficient.   Under section 809, Revised Statutes, a statement that the animal got upon defendant's track where defendant was by law required to fence the same, but had not done so, is sufficient, and it is not required in a statement under said section to negative that the injury was done in the crossing of a public highway, as contended by appellant. *Jackson v. Railroad*, 80 Mo. 148 ; *Brown v. Railroad*, 75 Mo. 426 ; *Edwards v. Railroad*, 74 Mo. 117 ; *Myers v. Trust Co.*, 82 Mo. 237 ; *Briscoe v. Railroad*, 25 Mo. App. 468.

II.   Direct proof that the injury was committed in Shoal township was not required if the evidence was such as to enable the jury to arrive at that result.   That the statute under which this action was brought is penal, does not change this rule.   This rule has been applied to proof of venue in numerous cases in which

the defendants were charged with the commission of felonies, and would be entitled to have the rule as strictly applied, at least, as the defendant corporation in the case at bar. *State v. Chamberlain*, 89 Mo. 129 ; *State v. McGinnis*, 76 Mo. 326 ; *State v. West*, 69 Mo. 404 ; *Lepp v. Railroad*, 87 Mo. 139.

III.    Under authority of *Asher v. Railroad* (89 Mo. 116), the evidence in the case at bar was sufficient to go to the jury, to support the verdict, and warranted the instruction given for the plaintiff. *Briscoe v. Railroad*, 25 Mo. App. 468 ; *Gee v. Railroad*, 80 Mo. 283.

IV.    Counsel for appellant urge as ground for reversal that, " It is not alleged in the statement of plaintiff that the injury was not received in the crossing of a public highway." As a legal proposition this objection is wholly without foundation, and unsupported by authority. Appellant labors under a misapprehension of the law or misapplies it ; every authority cited by him to support his position on this point is in cases where the action was brought under section 2124, Revised Statutes, which takes the place of the fifth section of the old damage act, and which contains the following language : " But this section shall not apply to any accident occurring on any portion of such road that may be enclosed by a lawful fence, or in the crossing of any public highway." Section 809, Revised Statutes, similar to section 43, of the damage act, and under which plaintiff's action was brought, contains no such provision as to highway crossings, and the statement filed with the justice fully met the requirements of said section. The statement, following the language of the statute, "at a point where required by law to fence," negatives the occurring of the injury in the crossing of a public highway. Section 2124, Revised Statutes, gives a remedy against railroad corporations where they might lawfully fence their tracks and do not, while section 809, Revised Statutes, gives penal redress for not fencing their tracks where they are required by law to fence them. *Rad-*

*cliffe v. Railroad*, 90 Mo. 127. The circuit court committed no error in giving the instruction asked by plaintiff, and refusing that asked by defendant, the motions for a new trial and in arrest of judgment were properly overruled, and the judgment of the court below should be affirmed.

JOHN J. McANAW, also for the respondent.

I. The statement shows the injury occurred outside of the highway. *Dorman v. Railroad*, 17 Mo. App. 337; *Perriquez v. Railroad*, 78 Mo. 93; *Campbell v. Railroad*, 78 Mo. 639; *Wade v. Railroad*, 78 Mo. 362; *Rozzelle v. Railroad*, 79 Mo. 350.

II. It is contended by appellant that the statement fails to show jurisdiction in the justice's court, in that it fails to state that the injury occurred in Shoal township. Its position cannot be maintained. The statement shows that respondent operated its road through Shoal township; and in said township the animal came upon the track by reason of the failure to fence, "and while said animal was on said railroad, as aforesaid, defendant, by its agents, engines, and cars, did run upon, strike, and wound, and kill said animal," etc. The allegation being qualified by the terms, "as aforesaid," incorporates the previous allegation, in which it is stated in terms that the animal came upon the track in Shoal township, and while thereon, as aforesaid, was struck, etc.

III. Appellant also contends that the statement does not state a cause of action, because it does not affirmatively allege that the animal was struck outside the crossing of a public highway. The statement does allege that the injury was done at a point on said railroad, where the same passes through, and along, and adjoining, enclosed and cultivated fields, and while thereon, as aforesaid, etc., was struck, etc. The statement that the railroad runs through, along, and adjoins an enclosed and cultivated field, excludes the idea of a

public highway. *Dorman v. Railroad,* 17 Mo. App. 337, and cas. cit.

IV. Appellant puts forth the claim that there is not sufficient evidence to go to the jury. (1) It is submitted that the evidence does show that the injury did occur in Shoal township. The witness, Kinney (plaintiff), lays the place "in Shoal township, two and one-half miles southwest of Cameron. Mrs. Smith's field was on one side and the Rock Island railroad on the other. Mrs. Smith's field was enclosed and cultivated." Witness, Martin, testified that "he saw the calf Thursday morning. Found it on the section, about five telegraph poles west of the crossing, at Mrs. Smith's place, and could see where train had knocked it off." The plaintiff's evidence makes the major premise. Where the railroad adjoins Mrs. Smith's field is in Shoal township. Martin's testimony makes a minor: "The animal was struck and injured where the railroad adjoins Mrs. Smith's place." Therefore, the animal was struck and injured in Shoal township. Respondent deems the evidence conclusive even if this court were passing upon the weight of evidence. The verdict says the jury so considered it. (2) The evidence of witness, Martin, shows that the animal was struck outside of a public highway. He says that it occurred "about five telegraph poles west of the crossing." Respondent submits that no error was committed by the Clinton circuit court, and prays that the judgment be affirmed.

PHILIPS, P. J.—This action was begun in a justice's court. The statement is as follows: "Plaintiff states that defendant is a corporation, duly incorporated under the laws of Missouri as a railroad corporation, and as such, at the time or times hereinafter mentioned, was operating a line of railroad through the township of Shoal, in the county of Clinton, and state of Missouri, and that, in said township, where said railroad passes through, along, and adjoining enclosed and cultivated

fields, said company, at the times hereinafter mentioned, failed and neglected to erect, construct, and maintain lawful fences, where the same were required by law, and also at time have failed and neglected to construct and maintain cattle-guards sufficient to prevent horses, cattle, mules, and other animals from getting on said railroad. On the fourth day of November, 1886, plaintiff was the owner of a certain yearling steer, which animal was of the value of twenty-five dollars; that, on or about said date, said animal escaped from plaintiff, and came upon said railroad at said place, by reason of said failure and neglect of defendant to erect, construct, and maintain fences and cattle-guards on said railroad, where the same passes through, along, and adjoining enclosed and cultivated fields in said township, and that, while said animal was ·on said railroad, as aforesaid, defendant, by its agents, engines, and cars, did run upon, strike, wound, and kill said animal, by reason of its negligence aforesaid.''

The plaintiff recovered judgment in the circuit court.

It is objected by the defendant that the statement does not contain a cause of action in this: ''It is not alleged that the injury was not in the crossing of any public highway.'' The objection is not well taken. It is distinctly averred in the statement that the point in controversy is where defendant's road '' passes through, along, and adjoining enclosed and cultivated fields.'' As has been repeatedly held by the Supreme Court, and this court, this averment sufficiently negatives the idea that the point was either at the crossing of a public highway or within the limits of an incorporated town. *Dorman v. Railroad*, 17 Mo. App. 337, and citations.

It is next alleged as ground of reversal that the evidence wholly fails to show that the injury occurred in Shoal township. If this be true, the judgment cannot stand. *Mitchell v. Railroad*, 82 Mo. 106. An examination of the evidence will show, we think, the venue with

sufficient certainty to have justified the verdict of the jury. The plaintiff testified that defendant's road runs through Shoal township, in Clinton county. He further testified: "Defendant did not have any fence along the track adjoining the public road two and a half miles southwest of Cameron, in Shoal township, and no cattle-guard, as far as I could see, where the track crosses the highway. There was no fence from the outer line of the right-of-way to the track. Mrs. Smith's field was on one side of the railroad and the Rock Island on the other. Mrs. Smith's field was cultivated and enclosed. I was owner of the animal; saw it last, before it was hurt, at my home. I brought it home on Tuesday morning, and it was gone on Wednesday morning. I went back to where I got it; it crossed the highway where the track was not fenced. When I next saw it it was bruised, and was lying down, at Mrs. Smith's place." It is perfectly clear that the witness was speaking of a point in Shoal township. He says there was no fence along the track two and a half miles from Cameron, "in Shoal township." Mrs. Smith's field was on one side and the Rock Island road on the other of the track, at this point. Mrs. Smith's field was cultivated and in-closed. It was, therefore, reasonably inferable that the point, two and a half miles from Cameron, which was in Shoal township, was the same point where Mrs. Smith's field lay. This is supplemented by the witness Martin, who testified that he found the animal "on section, about five telegraph poles west of the crossing, at Mrs. Smith's place, standing against the fence."

As the plaintiff's testimony had clearly enough placed Mrs. Smith's field, or fence, in Shoal township, and the other witnesses found the calf injured there on defendant's road, the case as to the venue was sufficiently proved to authorize the submission of the fact to the jury.

Judgment affirmed. All concur.