GEORGE W. WISEMAN, Respondent, v. ST. LOUIS, ARKANSAS & TEXAS RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, April 24, 1888.

1. DAMAGES—STOCK KILLED ON RAILROAD—ADJOINING TOWNSHIPS. In a suit against a railroad company before a justice of the peace under the statute, for the killing of the plaintiff's cow in a township other than that in which the suit is brought, the fact that the two townships adjoin each other is jurisdictional, and must be both averred and proved.

2. EVIDENCE—ADMISSIONS OF PARTY.—It is competent to prove, in the absence of a party, his statements made as a witness in a former trial, where they amount to admissions against his interest.

APPEAL from the Mississippi Circuit Court, HON. H. C. O'BRYAN, Judge.

*Reversed and remanded.*

J. J. RUSSELL, for the appellant: When suit is brought for double damages against a railroad for killing stock, it must be in the same or an adjoining township. Rev. Stat., sec. 2839. This is a jurisdictional fact which must affirmatively appear by the record. *Palmer v. Railroad*, 21 Mo. App. 437; *Wright v. Railroad*, 25 Mo. App. 236; *Mitchell v. Railroad*, 82 Mo. 106; *Backenstoe v. Railroad*, 86 Mo. 492. Defendant offered to prove by Dan Maxfield, one of plaintiff's witnesses, that on the trial of the same cause, before the justice of the peace, the plaintiff admitted and swore that his cow, when killed, was not giving milk, and that she was twelve years of age. This was an admission against his interest and competent. 1 Greenl. Evid. [Redf. 12 Ed.] sec. 171; *Schlicker v. Gordon*, 19 Mo. App. 479; *Sparr v. Wellman*, 11 Mo. 230.

BOONE, CANTWELL & WAIDE, for the respondent: The court took judicial notice of the fact that Ohio

township joins Tywappity. Courts will take judicial notice of boundaries of counties and of the subdivisions of counties into townships, etc., and generally, whatever ought to be generally known within the limits of their jurisdiction. 1 Greenl. on Evid. [12 Ed.] 6, 10 ; 1 Starkie on Evid. [3 Am. Ed.] sec. 403 ; *Woods v. Henry*, 55 Mo. 563 ; *State v. Worrell*, 25 Mo. 205. The fact offered to be proved by appellant was properly excluded, for the reason that it was not a fact necessary to be proved ; not a fact in issue, and before it could be admitted as a declaration against interest, it must be made by a party to the suit and in relation to some fact in issue. 2 Starkie on Evid. 28, *et seq. ;* 1 Greenl. on Evid. [12 Ed.] 200.

THOMPSON, J., delivered the opinion of the court.

This action was commenced before a justice of the peace under section 809, Revised Statutes, to recover double damages for killing the plaintiff's cow on the defendant's railway in an open woodland where its track was not fenced. The plaintiff had a verdict and judgment, from which the defendant appeals.

I. The judgment must be reversed, because it was neither averred nor proved that Tywappity township, in which the action was brought, adjoined Ohio township, in which the cow was alleged and proved to have been killed. Such a fact is a jurisdictional fact, which must be not only averred in the statement, but also shown by the evidence. *Backenstoe v. Railroad*, 86 Mo. 492 ; *Ellis v. Railroad*, 83 Mo. 372 ; *Mitchell v. Railroad*, 82 Mo. 106 ; *Wright v. Railroad*, 25 Mo. App. 236 ; *Palmer v. Railroad*, 21 Mo. App. 437 ; *Kinion v. Railroad, post*, p. 573. It was not necessary, as counsel for the plaintiff argue, that this question should have been raised by a demurrer to the evidence. It was raised by the motion for new trial, and by motion in arrest of judgment ; but, being a jurisdictional question, it could be raised at any time. We shall, however, remand the

cause, as this defect may possibly be cured by amendment and evidence on another trial. *Mitchell v. Railroad, supra.*

II. As the case may be tried again, we shall notice another assignment of error. The plaintiff was not present at the trial in the circuit court, and his whereabouts were not accounted for. One of his witnesses stated, on cross-examination, that he heard the plaintiff testify in the cause before the justice of the peace. The following questions were then put to the witness, but were excluded on the objection of the plaintiff's counsel, the defendant excepting: "Did not plaintiff then swear that his cow was twelve years of age?" "Did not the plaintiff then state that this cow was a dry cow, and not giving milk?" This evidence was plainly competent as an admission of the plaintiff against his interest (*Schlicker v. Gordon*, 19 Mo. App. 479 ; *Sparr v. Wellman*, 11 Mo. 230 ); and, as there was evidence for the plaintiff tending to show that the cow was a milk cow seven or eight years old, it was material.

All the judges concurring, the judgment is reversed and the cause remanded.