B. J. KINION, Respondent, v. KANSAS CITY, SPRINGFIELD & MEMPHIS RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, April 24, 1888.

| 30 | 573 |
| 50 | 571 |
| 52 | 384 |
| 30 | 573 |
| 56 | 657 |
| 30 | 573 |
| 66 | 634 |

DAMAGES—STOCK KILLED ON RAILWAY TRACK—ADJOINING TOWNSHIPS. Where the plaintiff's cow was killed by a railroad train in a township other than that in which suit was commenced under the statute before a justice of the peace, it must be averred and proved that the two townships were adjoining, otherwise a judgment for the plaintiff cannot stand

Appeal from the Howell Circuit Court, Hon. J. F. Hale, Judge.

*Reversed and remanded.*

Wallace Pratt and Olden & Green, for the appellant : The suit was brought before a justice of the peace of Dry Creek township. The petition alleges, and the proof shows that the killing occurred in Hutton Valley township, but there is not one word of proof that Hutton Valley township adjoins Dry Creek township. *Mitchell v. Railroad*, 82 Mo. 106 ; *Palmer v. Railroad*, 21 Mo. App. 437 ; *Ellis v. Railrood*, 83 Mo. 372 ; *Wright v. Railroad*, 25 Mo. App. 236. In an action before a justice of the peace for damages against a railroad company for the killing of stock, the statement must show, in addition to other jurisdictional facts, that the animal was killed in the same township in which the justice is a justice, or in an adjoining township. Rev. Stat., sec. 2839 ; *Vaughn v. Railroad*, 17 Mo. App. 4 ; *Matson v. Railroad*, 80 Mo. 229 ; *Backenstoe v. Railroad*, 86 Mo. 492 ; *Rohland v. Railroad*, 89 Mo. 180.

Livingston & Pitts, for the respondent.

Thompson, J., delivered the opinion of the court.

This was an action under section 809, Revised Statutes, to recover double damages for killing the plaintiff's cow at a place on the defendant's railway where its track was not fenced. The action was brought before a justice of the peace of Dry Creek township, in Howell county. The statement averred, inferentially, that the cow was killed in Hutton Valley township, and the evidence showed that such was the fact. It was not alleged in the statement, nor was there any evidence tending to show that Hutton Valley township adjoins Dry Creek township. The rule in such actions is, that, where the statement alleges that the killing occurred in a township other than the one in which the action is brought, and

does not aver that the two townships adjoin, and the evidence adduced fails to show that they adjoin, a demurrer to the evidence should be sustained. *Ellis v. Railroad*, 83 Mo. 372 ; *Backenstoe v. Railroad*, 86 Mo. 492. Not only must the statement show that the township in which the animal was killed adjoined the township in which the action was brought, but this must also be shown in the evidence. *Mitchell v. Railroad*, 82 Mo. 106 ; *Palmer v. Railroad*, 21 Mo. App. 437 ; *Wright v. Railroad*, 25 Mo. App. 236 ; *Backenstoe v. Railroad, supra*.

For the failure to aver and prove this essential fact, the demurrer to the evidence should have been sustained ; and accordingly we must reverse the judgment. As the defect may be cured by amendment in the circuit court and by evidence on another trial (*Mitchell v. Railroad*, 82 Mo. 106), we shall remand the cause.

The judgment will be reversed and the cause remanded. All the judges concur.