J. S. NICKERSON, Respondent, v. EDDY & CROSS, Receivers, Appellants.

Kansas City Court of Appeals, June 13, 1892.

Railroads: KILLING STOCK: JURISDICTION OF JUSTICE. An action against a railway company must be brought before a justice of the peace of the township in which the injury happened, or in an adjoining township; and one or the other of these jurisdictional facts must be averred and proved so as to affirmatively appear in the record.

Appeal from the Howard Circuit Court.—HON. JOHN A. HOCKADAY, Judge.

REVERSED AND REMANDED.

Jackson & Montgomery, for appellants.

The court erred in refusing to sustain the demurrer to the evidence. There was no evidence showing in what township in Howard county the animal was killed. It is not sufficient to allege the jurisdictional fact, but it must be proved that the animal was killed in the township where the suit is brought, or in an adjoining

township, and the omission of such proof is fatal. *Manuel v. Railroad*, 19 Mo. App. 631; *Roberts v. Railroad*, 19 Mo. App. 649; *Palmer v. Railroad*, 21 Mo. App. 437; *Backenstoe v. Railroad*, 23 Mo. App. 148; *Harris v. Railroad*, 23 Mo. App. 328; *Wiseman v. Railroad*, 30 Mo. App. 516; *Kinion v. Railroad*, 30 Mo. App. 573; *Jewett v. Railroad*, 38 Mo. App. 48; *Mitchell v. Railroad*, 82 Mo. 156; *Backenstoe v. Railroad*, 86 Mo. 492; *King v. Railroad*, 90 Mo. 520.

No brief for respondent.

SMITH, P. J.—This was an action begun before a justice of the peace to recover damages for the alleged killing of plaintiff's steer. On an appeal to the circuit court the plaintiff had judgment, and defendants have brought the case here by appeal. The demurrer interposed to the evidence by the defendants at the conclusion of plaintiff's case should have been sustained. The statute expressly declares, section 6126, that any action against a railroad company for killing or injuring horses, mules, cattle or other animals shall be brought before a justice of the peace of the township in which the injury happened, or in any adjoining township. It has been repeatedly decided by the appellate courts of this state that it is a jurisdictional fact, which must affirmatively appear of record that the injury did happen either in the township in which the justice sits before whom the suit is brought, or in an adjoining township. The bill of exceptions must show, as it does not in this case, that the proof was made of one or the other of these jurisdictional facts; otherwise there can be no recovery. *Manuel v. Railroad*, 19 Mo. App. 631; *Roberts v. Railroad*, 19 Mo. App. 649; *Palmer v. Railroad*, 21 Mo. App. 437; *Backenstoe v. Railroad*, 23 Mo. App. 148; *Harris v. Railroad*, 23 Mo. App. 328;

*Wiseman v. Railroad*, 30 Mo. App. 516; *Kinion v. Railroad*, 30 Mo. App. 573; *Jewett v. Railroad*, 38 Mo. App. 48; *Mitchell v. Railroad*, 82 Mo. 106; *Backenstoe v. Railroad*, 86 Mo. 492; *King v. Railroad*, 90 Mo. 520.

Although no such point is called to our attention in the brief of the defendants, yet it may not be improper for us to state that the plaintiff's statement does not aver, *as it should*, either of the jurisdictional facts just referred to.

The judgment will be reversed and the cause remanded.