JOHN MIER, Respondent, v. ST. LOUIS, IRON MOUNTAIN AND SOUTHERN RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, March 5, 1894.

1. **Railroads:** KILLING OF STOCK: JURISDICTIONAL FACTS. In an action under section 2611 of the Revised Statutes for double damages for the killing of stock by a railway company, the fact that the stock was killed in the township in which the action was instituted, or an adjoining township, is jurisdictional, and an averment of it is therefore essential to the validity of the judgment.

2. ———: ———: ———: AMENDMENT OF STATEMENT OF CAUSE OF ACTION. When the plaintiff's statement of his cause of action fails to make the averment, it may, however, be amended.

*Appeal from the Scott Circuit Court.*—HON. H. C. RILEY, Judge.

REVERSED AND REMANDED.

*Martin L. Clardy* and *J. J. Russell* for appellant.

The cause must be reversed for the reason that the petition alleges that the animal was killed in Sylvania township, and shows that suit was instituted in Moreland township, Scott county. But it does not appear from the pleading, the record nor the evidence, that the two townships are adjoining. This has been the holding in a long line of decisions of this and the supreme court. *Jones v. Railroad*, 52 Mo. App. 381; *Jewett v. Railroad*, 38 Mo. App. 48; *Wiseman v. Railroad*, 30 Mo. App. 516.

*Albert De Reign* for respondent.

BIGGS, J.—Under the pleadings and evidence the judgment in this case can not be upheld. The action is for double damages under section 2611, Revised Statutes of 1889, for killing a horse, the property of the plaintiff. The petition alleged, and the proof showed, that the animal was killed in Sylvania township in Scott county, whereas the suit was brought in Moreland township in said county. There was no allegation in the complaint, or proof on the trial, that the two townships adjoin.

It has been repeatedly held by this court and the supreme court that the fact, that the animal was killed in the township where the suit is brought, or in an adjoining township, must be averred and proved. It is a jurisdictional fact and is necessary to be averred in order to confer on the justice jurisdiction of the action.

*Wiseman v. Railroad*, 30 Mo. App. 516; *Kinion v. Railroad*, 30 Mo. App. 573; *Backenstoe v. Railroad*, 86 Mo. 492; *Ellis v. Railroad*, 83 Mo. 372. Hence the court committed error in overruling defendant's demurrer to the evidence. We will, however, remand the case, as the defect may possibly be cured by amendment and evidence on another trial. *Mitchell v. Railroad*, 82 Mo. 106.

The authorities relied on by the plaintiff have no application. The cases treat of jurisdiction of the person. In a transitory action a defendant may voluntarily submit to the jurisdiction of any court having cognizance of such a case, but the jurisdiction of the subject-matter of an action must exist by law, and it can not be conferred by the consent or conduct of the litigants.

The judgment will be reversed, and the cause remanded. All the judges concur.