E. B. BRITTIN and WILSON-WARD COMPANY, Respondents, v. WALKER D. HINES, Director General of Railroads, Appellant.

Springfield Court of Appeals, January 14, 1922.

1. **JUSTICES OF THE PEACE: Complaint Against Railroad For Double Damages for Killing Animals Must Show Place of Injury.** The requirement of Revised Statutes 1919, section 2722, that cases brought before a justice of the peace for the killing of animals on a railroad track shall be brought before a justice of the peace in the township where the injury occurred, or in an adjoining township in the county, is jurisdictional and must be pleaded and proven in a suit under section 9948 for double damages.

2. **RAILROADS: Evidence Held Insufficient to Show Killing of Mule by Train.** Testimony in action for double damages under Revised Statutes 1919, section 9948, *held* insufficient to show that plaintiff's mule was killed by defendant's train.

Appeal from Circuit Court of Pemiscot County.—*Hon. Sterling H. McCarty*, Judge.

REVERSED.

*W. F. Evans* and *Ward & Reeves* for appellant.

(1)   This cause of action was commenced before a justice of the peace in Hayti Township in Pemiscot county.   The statement of the cause of action alleged that the animal was killed on defendant's railroad in Concord Townshipand that said township are adjoining townships.   But there was no evidence offered to show that Hayti and Concord Townships adjoined each other.   This fact is jurisdictional and must both be alleged and proved.   The verdict should therefore have been directed for defendant as requested.   Section 2722, R. S. 1919; Lash v. Railway, 180 S. W. 11; Martin v. Railway, 175 Mo. App. 464; Rosentingle v. Railway, 122 Mo. App. 492; Shaw v. Railway, 110 Mo. App. 561; Porter v. Railway, 66 Mo. App. 623; Jones v. Railway, 52 Mo. App. 384; Kinion v. Railway, 30 Mo. App. 573; Wiseman v. Railway, 30 Mo. App. 516; Palmer v. Railway, 21 Mo. App. 437; Griggs v. Railway, 111 Mo. 168; Backenstoe v. Railway, 86 Mo. 492; Ellis v. Railway, 83 Mo. 372; Mitchell v. Railway, 82 Mo. 106.   (a)   "Nor does the fact that the defendant appears, goes to trial, and submits the case, waive this jurisdictional question." Lash v. Railway, 180 S. W. 12; White v. Railway, 72 Mo. App. 400; Warden v. Railway, 78 Mo. App. 664. (2)   In fact, nothing was shown except that the mule probably came to his death by some external violence; but nothing to show where it received the injuries, nor how they were inflicted.   And there was no evidence that a train or locomotive was ever operated or run over the railroad in question, either at the time of the alleged killing of plaintiff's mule or at any other time.   Plaintiff therefore made no case for the jury.   Logan v. Railway, 111 Mo. App. 674; Lindsay v. Railway, 36 Mo. App. 51; Gilbert v. Railway, 23 Mo. App. 65; Perkins v. Railway, 103 Mo. 52.

*B. L. Guffy* for respondent.

FARRINGTON, J.—This is an action which was brought in the justice court to recover double damages for the killing of a mule belonging to E. B. Brittin. It appears that the other respondent, Wilson-Ward Company, held a chattel mortgage covering this animal. The suit is based on Section 9948, Revised Statutes of Missouri of 1919, known as the double damage collision statute.

Appellant raises two points on appeal. First, that there is a failure on the part of the plaintiff to show that suit was brought before a justice of the peace within the township in which the injury occurred or an adjoining one thereto in the county. The other question is that the judgment must be reversed because a demurrer to the evidence should have been sustained, or a failure to show facts sufficient to bring the cause within the section of the statute heretofore referred to. Respondent filed a brief, however, citing no authorities on either proposition involved.

On examination of the record we find that the first point made by the appellant is well taken. Section 2722, Revised Statutes of 1919, requires that cases brought before a justice of the peace for the killing of horses, mules and other animals shall be brought before a justice of the peace in the township where the injury happened or in an adjoining township in the county, and the annotations and notes under this section of the statute show the unanimous holding of the cases that it is a jurisdictional fact which must be pleaded and proven. Any number of cases could be cited but we will pass the point by referring to Lash v. Railroad, 180 S. W. 11; Ellis v. Railway, 83 Mo. 372. This disposes of the first proposition raised by appellant.

We agree with appellant's contention that the evidence introduced fails to make out a case for the plaintiff under the statute referred to. Briefly stated, it is shown in the record that the plaintiff owned a certain mule which he had sent away from his farm, the exact

mileage is not shown but the record says quite a distance. Some three weeks after he was last seen by the owner or any one else who knew the mule, he was found on defendant's right-of-way dead; there were some bruises on him and one leg was broken. It is also shown that there were some defective places in the railway fence along its line in the vicinity where the mule was found, and a defective place in a cattle guard near. No one testifying in the case saw the mule until after he was dead. There were no tracks from any place showing where he got in or how he got in, nor is there any evidence that there were tracks where other animals had been getting in on the right-of-way side. There was no showing that the track had the appearance that a collision had taken place either by blood, hair, scraping or otherwise. To narrow this evidence down to what is actually shown, it is as follows: That the defendant has a railroad right-of-way along which is a fence with some defects in it; that the plaintiff owned a mule which he had sent away from his farm some distance to a range; that some three weeks after he had sent the mule away, it was found dead on defendant's right-of-way (the distance from the track not being shown) with some bruises on its body and a broken leg.

This, we do not think is sufficient evidence from which a jury could infer that the defendant ran trains over that portion of its road (no evidence of same being introduced); that the mule got on to the right-of-way through one of the defective places in the fence and was struck by a car or an engine. The case lacks any evidence of where the animal went on the right-of-way, or of any well beaten path where other animals had gone over defective places on the right-of-way. It lacks the hair, or the blood, or the marks on the track which usually denote evidence of a collision, and from which, the courts have said, the same can be inferred. To hold that the mule was killed by a collision would certainly be entering into the field of conjecture. For instance, suppose instead this suit had been brought under section 9949, Revised Statutes

of Missouri of 1919, could it not have been as easily inferred that the animal crossed the fence on defendant's right-of-way and was scared by a locomotive or train of cars and fell and broke its leg and otherwise injured itself in the fall, from which it died? We mention this to show that to hold the defendant under section 9948, Revised Statutes of 1919, would enter into the field of conjecture and not be based upon evidence from which logical inferences could be drawn. For these reasons, the judgment is reversed.

*Cox; P. J.,* and *Bradley, J.,* concur.