MATSON v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY,
*Appellant.*

80 229
35a 626
80 229
53a 639

**Railroads**: KILLING STOCK: JURISDICTION. On an appeal from a justice of the peace, in an action for the killing of stock, the transcript must show affirmatively that the justice had jurisdiction. Where the transcript does not show that the animal was killed in his township, or the statement itself does not appear in the record, the judgment cannot be sustained.

*Appeal from Livingston Circuit Court.*—HON. W. C. SAMUEL, Special Judge.

REVERSED.

*Geo. W. Easley* for appellant.

There being no statement of the cause of action in the record, it cannot be determined whether the justice had jurisdiction originally, or whether the circuit court acquired it on appeal. *Thomason v. Railway Co.*, 74 Mo. 560.

*R. R. Kitt* for respondent.

PHILIPS, C.—This is an action instituted in a justice's court in Livingston county, by respondent against the appellant, railroad company, to recover damages for the killing of plaintiff's cow. Plaintiff had judgment in the justice's court, from which defendant appealed to the circuit court, where the plaintiff again recovered judgment. The defendant has appealed to this court.

The transcript of the record does not contain any statement of the alleged cause of action filed by the plaintiff in the justice's court, nor is there in the record any other paper or admission to show that the justice had jurisdiction over the subject matter. It has been repeatedly held by this court that the transcript of the justice must show affirmatively that he has jurisdiction in such actions, by it appearing that the animal was killed in his township. And

where the transcript does not show, and the statement itself filed with the justice does not appear in the record sent to this court, the judgment should be reversed. *Barnett v. A. & P. R. R. Co.*, 68 Mo. 65 ; *Thompson v. St. Louis, I. M. & S. R'y Co.*, 74 Mo. 560. It is quite probable that the statement was filed and sent up by the justice to the circuit court, but this court can only decide the case according to the record before us. Litigants and their attorneys should look after their records, and if incomplete, take the simple and appropriate steps for perfecting them.

Following the decisions of this court, the judgment of the circuit court must be reversed and the cause remanded. All concur.