WILLIAM R. SNIDER, Respondent, v. THE CURRENT RIVER RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, April 18, 1893.

The Evidence in this Cause is considered, and is held sufficient to establish the cause of action herein, under section 2611 of the Revised Satutes, for double damages for the killing of stock.

*Appeal from the Carter Circuit Court.*—HON. JOHN G. WEAR, Judge.

AFFIRMED.

*Olden & Orr*, for appellant

No brief filed for respondent.

BOND, J.—This suit is for double damages under section 2611 of the Revised Statutes, 1889, and was begun before a justice of the peace in Carter township, Carter county, Missouri, upon a statement averring the cause of action to be for the killing of a cow in Pike township (adjoining Carter township) by the Current River Railroad Company, which it was alleged was running and operating a railroad through the said township, in neglect of its statutory duty as to fencing its railroad at a point where it ran through, along and adjoining uninclosed land. The respondent obtained judgment in the circuit court on appeal from a judgment in his favor before the justice.

The statement filed before the justice, on which the case was tried in the circuit court, set forth clearly

and fully the cause of action and all the jurisdictional averments. The proof was uncontradicted that the place of the accident was in Pike township, and that it adjoined Carter township, in Carter county. The statement filed before the justice, and read on the trial, alleges these facts, and disclosed that the justice who sent it up was one, L. A. Hutchinson, a justice of the peace in Carter township, Carter county, Missouri. *Thomason v. Railroad*, 74 Mo. 560; *Matson v. Railroad*, 80 Mo. 229.

The evidence tended to prove that the respondent's cow was killed, as alleged in his statement of his cause of action, by a collision with the appellant's railroad, and that the engine, after the cow was struck, carried her fifty yards. The evidence tended. to prove, by necessary implication from the circumstances, that this railroad was operated and run on the road bed in Pike township, where the cow was struck by the appellant.

We have carefully examined the abstract, and we find that the contention of appellant as to the want of evidence to show the locality of the injury, or the fact that its railroad was operated thereat, is unsupported by the record.

The following instruction was given by the court:

"1. The court instructs the jury, that, if they believe from the evidence in the case that the plaintiff's cow went upon the track of defendant's road about the eighth day of May, 1891, at a place where said road runs through or along or adjoining uninclosed land in the township of Pike, in the county of Carter and state of Missouri, and said township adjoins Carter township, by reason of defendant's neglect and failure to erect good and sufficient fences along side of its said railroad, and was there struck and killed by defendant's engine and cars; they should find the issues for the plaintiff, and assess the value of said cow at such sum

as the evidence showed her to be reasonably worth, not. exceeding the sum of $30."

This instruction was clearly warranted by the· evidence, and declared the law correctly thereon.   We have examined the instructions requested by appellant,. and do not think the trial court erred in refusing them.. The judgment is affirmed.   All concur.