MARY A. COFFIN, Respondent, v. SAINT LOUIS & SAN FRANCISCO RAILWAY Co., Appellant.

### Kansas City Court of Appeals, June 14, 1886.

1. RAILROADS—REQUIREMENT TO RING BELL, ETC.—CONSTRUCTION OF SECTION 1, PAGE 79, LAWS OF MISSOURI, 1881—CASE ADJUDGED.—The statute (sect. 1, p. 79, Laws of Mo., 1881), does not impose the alternative duty on railroads to sound the bell or whistle at *street* crossings *in cities*. They are only required to ring the bell. So, when the statement, in this case, alleged the failure to *ring the bell*, it presented a statutory ground of negligence, and when proof was made of this omission, a *prima facie* case was made out. This presumption the defendant was then at liberty to rebut by showing that the failure to ring the bell was not the cause of such injury, as provided by the statute.

#### ON MOTION FOR RE-HEARING.

2. —— CONSTRUCTION OF SECTION 806, REVISED STATUTES—OBLIGATION TO RING BELL, ETC., IN CITIES.—Neither section 806, Revised Statutes, nor the statute above construed (and they are the same, except that the latter devolves upon the railway company the burden of proof where it fails to ring the bell, etc.), relieve the railroad from the obligation, in *cities*, to ring the bell or sound the whistle eighty rods from each street crossing. But when the company has complied with the statute by *ringing its bell* up to the time it stopped at the station ; and then resumed the ringing, as it should do, the instant it moves on, this would be a practical compliance with the statute. *Semble*, the legislature did not require railroads to sound a steam whistle inside of the corporate limits in the vicinity of street crossings, since it is a source of great disturbance and fright to horses and people, and, in such a case, is a nuisance.

APPEAL from Jasper Circuit Court, HON. M. G. Mc-GREGOR, Judge.

*Affirmed.*

*Motion for re-hearing denied.*

The case is stated in the opinion.

W. H. PHELPS, for the appellant.

I.   There are two counts in the petition — the *first*
based on failure to ring the bell —the *second*, negligence
in operating the train.   No testimony was admissible un-
der the first count; it did not state facts sufficient to
constitute a cause of action..  It is not sufficient to show
the bell was not rung; it was also necessary to show that
the whistle was not sounded.   A railroad company is not
required to do both.   Either is sufficient.   *Van Note v.
Railroad*, 70. Mo. 641 ;   *Lamar v. Railroad*, 78 Mo. 578 ;
*Haeferty v. Railroad*, 82 Mo. 90.

II.   Inconsistent instructions were given to the jury.
Each must be correct in itself as far as it goes.   They
must all be consistent with each other, and the whole
taken together must present but one doctrine, or the jury
will have nothing to guide them.   *Goetz v. Railroad*, 50
Mo. 472.

III.   Where a jury may have been misled by errone-
ous instructions, a new trial will be granted, though
there are other matters upon which the jury must or
might have returned the same verdict.   *Shedd v. Augus-
tin*, 14 Kan. 282; *State v. Nauert*, 20 Mo. App. 295 ;
*Railroad v. Sawyer*, 15 Gratt. (Va.) 231.

IV.   Defendant's instruction, number five, should
have been given.   Defendant was not liable, unless the
failure to give the statutory signals caused the injury.
*Alexander v. Railroad*, 76 Mo. 494; *Kendrick v. Rail-
road*, 81 Mo. 521.

JOSEPH CRAVENS, for the respondent.

I.   Section 1, page 97, Laws of Missouri, 1881, does
not require the whistle to be sounded before crossing a
street in a *city*.   Cases referring to *road crossings* in the
*country* have no application here.

II.   Defendant's negligence was clearly shown by
the evidence.

III.   The instructions are either correct or such as

defendant cannot complain of. The *second* is undoubt-
edly correct, since it presents the question of negligence
aside from statutory liability. *Goodwin v. Railroad,*
75 Mo. 73 ; *Bauer v. Railroad,* 69 Mo. 219 ; *Braxton v.
Railroad,* 77 Mo. 455 ; *White v. Railroad,* 20 Mo. App.
564.

PHILIPS, P. J.—This action was begun in a justice's·
court, and tried on appeal in the circuit court, where·
plaintiff had judgment, from which defendant prosecutes
this appeal.

The statement contained two counts. The first al-
leged that defendant is a corporation, etc., and that while·
running one of its trains of cars through the city of Car-
thage, in Marion township, Jasper county, it negligently
failed to ring the bell, placed on its locomotive engine, at
a distance of eighty rods from where it crossed Third
street, a publicly traveled street of said city, whereby it·
ran down and killed plaintiff's cow at said street crossing.

The second count was based on the negligence of de-
fendant's agents and servants in running and managing
said train of cars, whereby plaintiff's cow was negligently
killed, etc.

I. The principal contention of appellant is that the·
first count does not state facts sufficient to constitute a
cause of action, in that it does not allege that defendant
also failed and neglected to sound the steam whistle at-
tached to said locomotive. At the hearing we were of the
opinion that this objection was well taken, owing to the
fact that it was not observed that the injury in question
occurred at a street crossing, within the limits of a city.
Section 1, page 79, Laws of Missouri, 1881, provides that :
" A bell shall be placed on each locomotive engine, and
be rung at a distance of at least eighty rods from the·
place where the railroad shall cross any traveled public
road or street, and be kept ringing, etc., or a steam whis-
tle shall be attached to such engine, and be sounded at·

least eighty rods from the place where the railroad shall cross any such road or street, *except in cities,*" etc.

From this it is plain that the statute does not impose the alternative duty on railroads to sound the bell or whistle at street crossings in cities. They are only required to ring the bell. So when the statement alleged the failure to ring the bell it presented a statutory ground of negligence; and when it made proof of this omission it made out a *prima facie* case. This presumption defendant was then at liberty to rebut by showing that the failure to ring the bell was not the cause of such injury. Statute, *supra.* While we are not prepared to say, as it is not necessary to the determination of this appeal, that proof of sounding the whistle could be regarded, as a matter of law, as a substitute for the ringing of the bell, it may be conceded that evidence of the sounding of the whistle is a fact which should go to the jury to show that the omission to ring the bell probably did not occasion the injury.

The defendant is in no position to complain in this case, for the court, of its own motion, instructed the jury that if the bell was not so wrung, yet, if they found from the evidence that the whistle was sounded, the plaintiff could not recover on account of the failure to ring the bell.

In this view there was no such conflict in the instructions as was in any degree calculated to mislead the jury to defendant's prejudice. It, perhaps, got a more favorable submission than the law warranted, but of this it cannot complain. *Crews v. K. C., St. Joe., etc., Ry. Co.,* 19 Mo. App. 302.

The judgment of the circuit court is affirmed. All concur.

### ON MOTION FOR RE-HEARING.

PHILIPS, P. J.—It is insisted that the court, in its opinion herein, misconstrued the act of 1881, which is the same as section 806, Revised Statutes, except that the act of 1881 devolves upon the railroad company the burden,

in case of an injury where it fails to ring the bell, etc., of showing that the injury did not result from such failure.

It is contended that the exception referred to applied to the ringing of the bell as well as sounding the whistle. The statute (section 806, Revised Statutes) reads as follows: "A bell shall be placed on each locomotive engine, and be rung at a distance of at least eighty rods from the place where the railroad shall cross any traveled public road or street, and be kept ringing until it shall have crossed such road or street; or a steam whistle shall be attached to such engine, and be sounded at least eighty rods from the place where the railroad shall cross any such road or street, except in cities, and be sounded at intervals until it shall have crossed such road or street."

It will be observed that after the clause respecting the ringing of the bell there is a semi-colon. There is no exception preceding it. The exception is in the clause requiring the whistle to be sounded, and follows immediately the requirement to sound the whistle. It would be a most remarkable position in which to place the exception if designed by the framer of the section to apply to the ringing of the bell.

It is suggested by the learned counsel that the object of the exception was to relieve the railroad from the obligation in cities to ring the bell or sound the whistle eighty rods from each street crossing, owing to the fact that the streets occur at much shorter intervals between the spaces. We fail to see the force of the suggestion. If, in the judgment of the legislature, a distance of eighty rods, without regard to the nearness, to each other, of different roads crossing, was essential to afford persons crossing at the roads in the country sufficient time to avoid a collision after hearing the signal, why should a less distance be required inside of the corporate limits of a city? What imposition on the road could be inferred in enforcing this requirement in a city when the company is supposed to know when it approaches the first street crossing? It can there, as well as in the country, begin

ringing the bell eighty rods from the first street crossing, and keep it up until it has effected all the street crossings.

As to the suggestion that such a construction would require the bell to be rung while the engine was stationary at a depot station, provided a street crossing was within the distance of eighty rods, it is sufficient to say, that such statutes must receive a sensible, practical construction; and that where the company had complied with the statute by ringing its bell up to the time it stopped at the station, and then resumed the ringing, as it should do, the instant it moves on, this would be a practical compliance with the statute.

But to my mind there is a most obvious reason why the legislature should not require, and why it should not even permit, the railroads to sound a steam whistle inside of the corporate limits in the vicinity of street crossings. As the steam whistle is more shrill and alarming than the bell ringing, it would be a source of annoyance to people living near the road, as in cities, and likely to unduly alarm and frighten horses in the streets, thereby doing more harm than good to the public. The sound of the bell would attract the necessary attention, and not be attended with near so much annoyance or unnecessary alarm. As every one knows, who has observed the effect of steam whistles on locomotive engines, in and about the streets and crossings in cities, it is a source of great disturbance and fright to horses and people. It is a nuisance. We have no doubt this was in the mind of the legislature in framing the law.

The motion is denied. All concur.