ROSENTINGLE, Respondent, v. ILLINOIS SOUTHERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, February 5, 1907.

1. RAILROADS: Fences: Pleading. A complaint filed before a justice of the peace against a railroad company for damages for killing stock, which alleged that the plaintiff owned a farm in a certain county, that the defendant's railroad ran through his cultivated and inclosed field, that defendant failed to erect and maintain fences along the sides of its railroad where it passed through plaintiff's fields, and failed to put in cattle guards, by reason of which cattle escaped from defendant's right of way and onto plaintiff's land and destroyed his crops, states a cause of action.

2. ———: ———: Jurisdiction: Destroying Crops. Where an action against a railroad company for killing or injuring stock is brought before a justice of the peace in a township other than the one in which the injury happened, the fact that the two townships adjoin is jurisdictional and must be alleged and proved; but the fifth subdivision of section 3839, Revised Statutes 1899, does not apply to an action for destruction of crops caused by stock escaping from the railroad company's right of way onto cultivated lands, and such an action may be brought the same as a suit against an individual.

3. ———: ———: ———: ———: Instruction. In an action against a railroad company for damages to plaintiff's crops from the incursion of cattle escaping from defendant's right of way, instructions for plaintiff are set out in full and held to properly declare the law.

Appeal from St. Francois Circuit Court.—*Hon. Charles A. Killian,* Judge.

AFFIRMED.

*W. S. Anthony* for appellant.

(1) The petition fails to state a cause of action under section 1105, Revised Statutes 1899, and confers

no jurisdiction on the court. R. S. 1899, sec. 1105; Wood v. Railroad, 30 Mo. App. 63; Ward v. Railroad, 91 Mo. 168. (2) There is no testimony tending to show that the alleged destruction of crops occurred in any township, or that it occurred in a township adjoining Iron township, in St. Francois county. Unless this is shown no jurisdiction is conferred on the circuit court. Jones v. Railroad, 52 Mo. App. 381.

   *D. L. Rivers* for respondent.

(1) Plaintiff's petition is in the usual form and pleads every fact necessary to confer jurisdiction in the court of first instance. The record shows jurisdiction and plaintiff's petition is full and complete on this point. R. S. 1899, sec. 1105. (2) In an action against a railroad for the destruction of crops under section 1105, it is not necessary to show the injury occurred in the township in which the suit is brought, or an adjoining township. R. S. 1899, sec. 3835.

BLAND, P. J.—The action was brought before a justice of the peace in Iron township, St. Francois county, Missouri, and in due course was appealed to the circuit court. The complaint is in two counts. A demurrer to the evidence on the second count was sustained by the trial court. The first count (omitting caption) is as follows:

"Plaintiff states that the defendant is and was at all the times hereinafter mentioned, a corporation owning and operating a railroad in the county of St. Francois and the townships of Randolph and Iron therein adjoining same. That plaintiff is and was at the time hereinafter mentioned the owner and occupier of a certain farm in Randolph township aforesaid, known as the McCrary place, about one mile north of Bismarck on which plaintiff then resided and now resides. That de-

fendant's said railroad ran and runs along, through and by plaintiff's said farm.

"That defendant failed and neglected to erect and maintain lawful fences on the sides of said railroad. where the same passed through, along and adjoining the inclosed and cultivated fields on plaintiff's said farm — and also to construct and maintain cattle-guards where fences are required sufficient to prevent horses, cattle, mules and other animals from getting on the said railroad. That by reason of such failure to erect fences and cattle-guards as required by law, in the months of September, October and November in the year 1903, horses, cattle, mules and other animals came into said fields and destroyed corn and potato crops of plaintiff then and there being to-wit—about four acres of corn of the value of $50 and three-fourth acres of potatoes of the value of $50, to plaintiff's damage in the sum of $100, for which he asks judgment and that the same be doubled under the statutes."

The evidence offered by plaintiff tended to establish his cause of action. The countervailing evidence offered by defendant was slight. The jury found the issues for plaintiff and assessed his damages at fifty dollars, which were doubled by the court, on motion of plaintiff, and judgment was rendered for one hundred dollars, from which defendant appealed.

1. Defendant's demurrer to plaintiff's evidence covers both counts, and it contends the demurrer should have been sustained to the first, as well as to the second, for the reason the first count fails to state any cause of action. The first count is not artificially drawn, but the essential allegations to constitute a cause of action are stated, though in a disconnected manner. In substance, it states plaintiff owned a farm in Randolph township, St. Francois county; that defendant's railroad run through his cultivated and inclosed fields; that defendant failed to erect and maintain fences along the

sides of its railroad, where the same passes through plaintiff's inclosed and cultivated fields, and also failed to put in proper cattle-guards, by reason of which cattle escaped upon defendant's right of way and onto plaintiff's cultivated lands and destroyed his crops of corn and potatoes. These allegations, we think, meet all the requirements of section 1105, Revised Statutes 1899, on which the action is based.

2.    The complaint alleges that plaintiff's farm is situated in Randolph township, and that he resides on his farm.    Plaintiff testified he lived in St. Francois county, about one mile north of Bismarck, but did not testify in what township he resided, or in what township his farm was situated, nor is it shown by any evidence that Randolph township adjoins the township of Iron, where the action was brought.    The fifth subdivision of section 3839, Revised Statutes 1899, provides that "any action against a railroad company for killing or injuring horses, mules, cattle or other animals, shall be brought before a justice of the peace in the township in which the injury happened, or in any adjoining township."    It has been repeatedly and uniformly held by the appellate courts of this State, that in actions against a railroad company for killing or injuring stock, brought in a township other than the one in which the injury happened, the fact that the two townships adjoin, is jurisdictional and must be, not only alleged in the complaint but proven at the trial.    [Backenstoe v. Railway, 86 Mo. 492; Jones v. Railway, 52 Mo. App. l. c. 384, and cases cited; Shaw v. Railroad, 110 Mo. App. 560, 85 S. W. 611.]    Defendant contends that the action comes under the fifth subdivision of section 3839, supra, and as proof of jurisdiction was not made, its demurrer to the evidence should have been sustained.    The action is not for killing or injuring stock, but for the destruction of crops caused by stock escaping from defendant's right of way onto plaintiff's cultivated fields, and the

action can be brought against the company the same as if the suit had been against an individual.    [Kelly's New Treatise (Ed. of 1901), sec. 681.]

Defendant objected and excepted to the following instruction given for plaintiff:

"The court instructs the jury that every railroad company operating a railroad in this State is required by law to erect and maintain lawful fences on the sides of road where it passes through, along or adjoining inclosed or cultivated land and to construct and maintain cattle-guards where fences are required to be erected sufficient to prevent horses, cattle, mules and other animals from getting on the railroad.   If therefore you find from the evidence that by reason of the failure of defendant to erect and maintain such fences and cattle-guards where its railroad passes through the inclosed land of plaintiff on his farm in Randolph township, in St. Francois county, Missouri, horses, cattle, mules or other animals came into and upon said lands of plaintiff and destroyed his crops of corn or potatoes or any part thereof, then and there standing or growing, you will find for plaintiff on the first count in his petition in such sum as you may believe from the evidence he has sustained, not exeeding the sum of one hundred dollars."

What specific objection to this instruction defendant had in mind, if any, is not stated in the briefs, and we fail to see wherein the instruction is subject to just criticism.

Defendant's refused instruction was supplied by the following correct instruction given by the court of its own motion:

"The court instructs the jury that although you may believe and find from the evidence in the case that plaintiff's crops were destroyed by being eaten up by cattle and hogs, or other animals, yet before you can find for plaintiff you must further find by a preponderance, or

greater weight of evidence that the said cattle and hogs or other animals came upon plaintiff's premises by reason of the fact that the defendant company has failed to erect and maintain fences along its right of way where the same ran through plaintiff's premises or have failed to erect cattle-guards to prevent hogs, cattle and other animals from entering plaintiff's premises."

Discovering no reversible error in the record, the judgment is affirmed. All concur.