## LILLIE MARTIN, Respondent, v. BUTLER COUNTY RAILROAD COMPANY, Appellant.

**Springfield Court of Appeals, December 11, 1913.**

1. **JUSTICES OF THE PEACE: Action for Killing Stock: Jurisdictional Facts to be Stated and Proven.** Where a suit for killing stock is brought against a railroad company in a township other than the one in which the animal was killed, the fact that such townships adjoin is jurisdictional and must be both averred and proven.

2. ——: ——: **Sufficiency of Pleading.** In an action against a railroad company for killing plaintiff's cow, plaintiff's statement is examined and *held* sufficient under the liberal rules applicable to justice courts.

3. **RAILROADS: Negligently Killing Stock: Liability.** In an action against a railroad company for negligently killing a cow, if the engineer or fireman saw, or by exercising due care could have seen, the cow on the track or coming on to it in time to have avoided killing her by scaring her from the track by some alarm or by stopping the engine, the railroad company would be liable.

4. ——: ——: **Statutory Duty.** In an action against a railroad company for negligently killing plaintiff's cow, if the cow was at or upon a public crossing the statutory duty to ring the bell was mandatory, regardless of whether the persons operating the engine saw or could have seen the cow.

5. ——: ——: **Common Law Liability.** If the animal was not injured at a public crossing, the defendant's liability rests

on the common law liability of the persons operating the engine to avoid injury, if it can be reasonably done, by giving any available alarm after the peril is seen or reasonably could have been seen.

6. **RAILROADS: Animals on or Near Track: Duty as to Keeping Lookout.** Whether the operators of the engine are required to keep a lookout for animals on or dangerously near the track depends on whether it was at a place where such animals are likely to be.

7. **INSTRUCTIONS: Killing Stock: Negligence.** In an action against a railroad company for negligently killing plaintiff's cow, an instruction which submits to the jury the question of the defendant's negligently running its engine against the cow, without in any manner instructing as to what facts, if found, would constitute such negligence, is erroneous.

Appeal from Butler County Circuit Court.—*Hon. J. P. Foard,* Judge.

REVERSED AND REMANDED.

*Lew R. Thomason* for appellant.

A general averment of negligence, in a common law action for negligence, without stating wherein, and in what acts the negligence consists is fatally defective, and does not state a cause of action. Waldheier v. Railroad, 71 Mo. 514; Current v. Railroad, 86 Mo. 67; Summers v. Transit Co., 108 Mo. App. 321; Gurley v. Railroad, 93 Mo. 551. Where stock is killed within the limits of an incorporated city or town, or at any other place where the law does not require the railroad company to fence its road, before the plaintiff is entitled to recover it must be shown by the plaintiff that the actual negligence of the defendant, complained of, was the proximate cause of the injury; the law raises no inference or presumption of negligence from the fact that plaintiff's animal was killed on defendant's track. Atterbury v. Railroad, 110 Mo. App. 608; Redmond v. Railroad, 104 Mo. App. 651; Averill v. Railroad, 72 Mo. App. 243; Ayers v. Rail-

road, 190 Mo. 238; Wallace v. Railroad, 74 Mo. 594; Davis v. Railroad, 46 Mo. App. 478. In a common law action for negligence for negligent injury, it is the duty of the court to instruct the jury what facts if found will amount to negligence and not leave them to determine that for themselves; what constitutes negligence is a question of law for the court. Goodman v. Railroad, 75 Mo. 73; Yarnall v. Railroad, 75 Mo. 583; Senate v. Railroad, 41 Mo. App. 297; Casey v. Bridge Co., 114 Mo. App. 65; Margrane v. Railroad, 183 Mo. 132; Welsh v. Railroad, 20 Mo. App. 477. Where an action for killing stock, against a railroad company is brought before a justice of the peace, in the township adjoining the one where the killing occurred, such facts should be alleged in the complaint and must be proven by the evidence. Jones v. Railroad, 52 Mo. App. 384; Kinton v. Railroad, 30 Mo. App. 573; Wiseman v. Railroad, 30 Mo. App. 516; Blackstone v. Railroad, 86 Mo. 492; Briggs v. Railroad, 111 Mo. 168; Shaw v. Railroad, 110 Mo. App. 565; Rosenstingle v. Railroad, 122 Mo. App. 492.

No brief for respondent.

STURGIS, J.—This case must be reversed for the reason that it originated before a justice of the peace in Poplar Bluff township in Butler county, Missouri, and the allegation is that plaintiff's cow was killed by defendant in Ash Hill township, in said county, and that these two townships adjoin each other; but there is no proof whatever of this latter fact. It has been ruled in this State time and time again that under our statute where a suit for killing stock is brought against a railroad in a township other than the one in which the animal was killed, the fact that such townships adjoin is jurisdictional and must be both averred and proven. In this case such fact is averred but not proven. This is error. [Mitchell v. Railroad, 82 Mo. 106, 110; Wiseman v. Railroad, 30 Mo. App. 516; Kin-

ion v. Railroad, 30 Mo. App. 573; Ellis v. Railroad, 83 Mo. 372; Jones v. Railroad, 52 Mo. App. 384; Backenstoe v. Railroad, 86 Mo. 492; Palmer v. Railroad, 21 Mo. App. 437; Briggs v. Railroad, 111 Mo. 168, 20 S. W. 32; Shaw v. Railroad, 110 Mo. App. 561, 85 S. W. 611; Rosentingle v. Railroad, 122 Mo. App. 492, 495, 99 S. W. 788.]    It may be that this fact was so well known to the parties trying the case that they overlooked proving it. If so, the proof can be made at another trial.

The defendant's objections to the sufficiency of plaintiff's statement as not stating a cause of action are not well taken. The case originated in a justice court and it is not necessary to decide whether the facts stated are sufficient to constitute a good pleading according to the rules applicable to cases originating in the circuit court. The cases cited by defendant relate to the latter class of cases. After stating that plaintiff owned the cow, and defendant owned and operated a railroad through Ash Hill township in Butler county, it is alleged that on a certain named date the cow strayed on defendant's track and that "defendant by its agents, servants and employees carelessly and negligently run its engine and cars upon and against said cow, at said point in Ash Hill township, Butler county, Missouri, on said 30th day of May, 1912, thereby killing said cow. That the defendant, its servants, agents and employees saw or by the exercise of ordinary care, diligence and caution could have been seen and avoided the killing of said cow." This, we think, is a sufficient statement under the liberal rules applicable to justice courts. [Windle v. Railroad, 168 Mo. App. 596, 602, 153 S. W. 282, and cases cited.]

As we understand the case from the meager evidence, defendant's engine had been standing still some time—perhaps over night; that the cow was lying down close to the track, about thirty or forty feet from the engine; that as soon as the engine first "commenced

escaping steam that the cow got up and walked over on the track; she was then standing up, the engine at that time was about a rail's length south of her, there was no object at that time between the engine and the cow;" that the engine started slowly and could be easily stopped, but was not, and ran against and killed the cow. No bell or other alarm was sounded to scare the cow from the track. The evidence is such that the jury might rightly find that the engineer or fireman either saw or could with due care have seen the animal on the track or coming on it in time to have avoided killing her by either scaring her from the track by some alarm or by stopping the engine before the collision or by both methods. If these trainmen did or with due care could have seen the cow lying close beside the track, they should have taken notice that she was likely to go on the track as the engine approached and governed themselves and the engine accordingly. [Young v. Railroad, 79 Mo. 336, 340.] The case is, therefore, one for the jury.

What we have said also disposes of the alleged error in admitting evidence that no whistle was sounded or bell rung. The court ruled that plaintiff could not recover on that ground but that it was a proper evidentiary fact as showing no attempt to scare the cow from the track. Defendant cites Coffin v. Railroad, 22 Mo. App. 601, as holding that a railroad is not required to sound the whistle within the limits of an incorporated town, but it is held in that case and in Turner v. Railroad, 134 Mo. App. 397, 402, 114 S. W. 1026, that if the engine was approaching a street or road crossing and within eighty rods thereof in such town, the bell must be rung continuously. As said in the Coffin case, supra, the sounding of the whistle might have served the same purpose as ringing the bell and thus rebutted the inference of the injury being the result of a failure to ring the bell. We cannot see how defendant was injured by proving that the whis-

tle was not sounded and it ought not to complain that plaintiff proved that it neither rang the bell nor did anything as a substitute therefor. These statutory signals, however, have little or nothing to do with the case, except that if the cow was at or on a public crossing the statutory duty to ring the bell was mandatory, regardless of whether the persons operating the engine did or could have seen the cow. If the animal was not injured at a public crossing, the case rests on the common law duty of the persons operating an engine or any such machinery to avoid injury to persons or animals if same can reasonably be done by giving any available alarm after the peril is seen or reasonably could have been seen. Whether the "could have been seen" doctrine applies to this case is noted later.

Defendant's criticism of instruction numbered 1, given for plaintiff, is well taken. It submits to the jury the question of defendant's negligently running its engine upon and against the cow without in any manner instructing them as to what facts, if found, would constitute such negligence. The jury should not in a case like this be allowed to wander without chart or compass in search of a verdict and find negligence on any theory that might be suggested to or imagined by it; but, on the contrary, should be limited and required to find those facts which under the law constitute negligence and which are within the pleadings and find support in the evidence. [Sommers v. Transit Co., 108 Mo. App. 319, 324, 83 S. W. 268; Casey v. Bridge Co., 114 Mo. App. 47, 65, 89 S. W. 330; Nagel v. Transit Co., 169 Mo. App. 284, 288, 152 S. W. 621; Allen v. Transit Co., 183 Mo. 411, 81 S. W. 1142; Duerst v. Stamping Co., 163 Mo. 607, 63 S. W. 827; Miller v. United Railways, 155 Mo. App. 528, 546, 134 S. W. 1045.]

The record is too meager to determine accurately whether defendant's refused instruction numbered 2 should have been given or not under the rule laid down

in Hoffman v. Railroad, 24 Mo. App. 546, and Jewett v. Railroad, 38 Mo. App. 38. If the facts are that the animal came on the track at a public crossing or from an unfenced common near thereto frequented by cattle, then the defendant was obligated to anticipate cattle being dangerously near or on its track and to use ordinary care to discover them, as well as to avoid injuring them after being discovered. The third instruction refused was properly so refused, as there was no evidence of the engineer being "engaged giving his attention on his engine," or other duties as engineer, to such extent as to in any way excuse his failure to give a proper outlook for animals on the track, and such instruction is misleading. The case is reversed and remanded.

*Robertson, P. J.*, concurs. *Farrington, J.*, concurs.